UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 23-CR-00281 (1) (JMB) |
| Plaintiff, | |
| v. | **ORDER** |
| Mara Taylor, | |
| Defendant. | |

---

This matter is before the Court on self-represented Defendant Mara Taylor's motion for early release from supervision. (Doc. No. 4.) Neither the Government nor the United States Probation Office has responded or otherwise taken any position on Taylor's motion. For the reasons explained below, the Court denies Taylor's motion.

On April 26, 2017, Taylor pleaded guilty in the U.S. District Court for the Western District of Texas to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (*See* Doc. No. 3 at 2 (citing *United States v. Martinez, et al.*, No. 1:17-CR-0053-RP-6, Doc. No. 193 (W.D. Tex. May 4, 2017).) The Court sentenced her to a 100-month term of imprisonment followed by three years of supervised release. (*Id.* at 3–4.) Taylor was released from custody and began serving her term of supervised release in this District on April 13, 2023. (Doc. No. 1.) Taylor has no known violations of the terms of her supervised release. Her term of supervised release will expire in April 2026. (*Id.*)

Taylor now asks the Court to end her term of supervised release more than a year and a half early.  (Doc. No. 4.)  The Court has discretion to end a term of supervised release if defendant has served more than one year of supervised release and "if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *see also United States v. Norris*, 62 F.4th 441, 449–50 (8th Cir. 2023)).  When determining whether to exercise this discretion, the Court considers several things, including (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need . . . to afford adequate deterrence to criminal conduct"; (3) "the need . . . to protect the public from further crimes of the defendant"; (4) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (5) "the kinds of sentence and the sentencing range" set forth for the underlying offense in the Sentencing Guidelines; (6) "any pertinent policy statement issued by the Sentencing Commission"; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a); *see also id.* § 3583(e).

In her pending motion for early release from supervision, Taylor informs the Court that she has experienced positive personal growth since her sentencing in April 2017 and that she wishes to end her term of supervised release in order to "move forward" in life.  (Doc. No. 4.)  The Court commends Taylor on her personal achievements and encourages her to continue to build a productive and fulfilling life.  However, after reviewing Taylor's submission and the factors the Court is required to consider on a motion for early

termination of supervised release under 18 U.S.C. § 3583(e), the Court has determined that Taylor has not provided it with sufficient information to meaningfully analyze her request.

Therefore, IT IS ORDERED that Defendant Mara Taylor's motion for early termination of supervision (Doc. No. 4) is DENIED.

Dated: September 30, 2024                             /s/ *Jeffrey M. Bryan*
                                                      Judge Jeffrey M. Bryan
                                                      United States District Court